2015 VT 23

**STATE of Vermont v. Terry PUTNAM**

[___ A.3d ___]

No. 08-123

¶ 1. April 10, 2008. Defendant appeals from an order of the district court, denying him bail. On appeal, defendant argues that the court abused its discretion in refusing to release defendant on conditions. We disagree and affirm.

¶ 2. On March 17, 2008, defendant was arraigned in Bennington District Court and charged with felony kidnapping and several misdemeanors, including domestic assault, reckless endangerment, and reckless or grossly negligent operation of a motor vehicle. 13 V.S.A. §§ 2405(a)(2), 1042, 1025; 23 V.S.A. § 1091(b). The State requested a weight of the evidence hearing under 13 V.S.A. § 7553, which was held on March 19, 2008.

¶ 3. Evidence presented by the State at this hearing disclosed the following. On the night of March 15, 2008, the victim and defendant argued about defendant's plans to take the victim's minor son, C.K., ice-fishing the following morning, because

C.K. was supposed to be back at the residence in the early afternoon to attend a birthday party. Defendant had no legally cognizable relationship with C.K. but did share a biological child with the victim and had served as a kind of father figure to C.K.. The argument continued the next morning, and although C.K. was already in defendant's truck, the victim ultimately forbade defendant from taking C.K. ice-fishing. Both the victim and defendant ran to the truck to reach C.K. Before the victim could reach the child, defendant pushed her out of the truck, causing her some slight injury.

¶ 4. After the victim tried another time to remove C.K., defendant drove off with the child still in the vehicle. The victim called the police, reporting as well that defendant had a loaded firearm in the vehicle. A short time later, she received a call from C.K., who relayed a request from defendant that she not call the police. When the victim reported that she had already done so, defendant could be overheard saying that she "could forget ever seeing" the couple's infant child again. The victim consequently became concerned that defendant would return to the residence or attempt to take the child they shared. Thereafter, the victim, a friend, and the infant child all left in the friend's car, hoping to bring the infant to the victim's mother's home.

¶ 5. On their way south, they passed defendant's truck. The truck immediately turned around and began trying to pass the friend's vehicle. Traveling at a very high speed, defendant passed the vehicle and tried to block its passage twice, almost causing several collisions. After defendant's second attempt, a police officer had arrived at the scene. The victim called out that she was the one who had reported the incident and identified defendant. Defendant had exited the truck, but after being order to surrender, complied.

¶ 6. The State also presented evidence of defendant's record of past criminal convictions.

¶ 7. Defendant does not dispute that, for the purposes of 13 V.S.A. § 7553, "the weight of the evidence was great." Instead, defendant requested that the court exercise its discretion in nonetheless releasing defendant on conditions. See *State v. Blackmer*, 160 Vt. 451, 454, 631 A.2d 1134, 1136-37 (1993) (even when a presumption in favor of incarceration arises pursuant to § 7553, the court must exercise its discretion in determining whether to withhold bail). The court acknowledged that "[t]he facts surrounding these events are relevant and . . . , in some ways, appear[] to be similar to what might more traditionally be charged as custodial interference." However, considering the factors set forth in 13 V.S.A. § 7554, the court recognized that: (1) defendant had no legally cognizable relationship with C.K.; (2) defendant and the victim had a physical altercation before he took C.K.; (3) defendant warned the victim that she would never see their infant child again; (4) defendant drove in an extremely reckless manner that endangered both the infant child and C.K.; (5) although a majority of his past offenses dated back some twelve years and did not give rise to felony charges, defendant had an extensive criminal record. Accordingly, the court refused to release defendant on conditions. This appeal followed.

¶ 8. The maximum sentence for kidnapping is life imprisonment, 13 V.S.A. § 2405(b), and therefore defendant is not entitled to bail as a matter of right if the evidence of guilt is great, *id.* § 7553. A presumption arises in favor of incarceration if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt. *State v. Avgoustov*, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). The trial court then must exercise its discretion in determining whether or not to impose bail and conditions of release. *Blackmer*, 160 Vt. at 458, 631 A.2d at 1139.

¶ 9. Defendant raises several arguments as to why the court abused its discretion, asserting that the court: (1) disregarded that the underlying facts of the kidnapping were less serious than in many cases in which kidnapping is charged; (2) ignored that defendant did not intend to injure the victim in pushing her from the car; (3) did not take into account that defendant had no record of past domestic violence or use of firearms; (4) overestimated the seriousness of defendant's record of past convictions.

¶ 10. We have explained that, in making the latter determination, "the trial court's discretion is extremely broad." *Id.* In exercising its discretion, the court was guided here by the factors in § 7554, including the nature and circumstances of the offense, defendant's family ties, employment, financial resources, and record of convictions. *Avgoustov*, 2006 VT 90, ¶ 7; 13 V.S.A. § 7554(b). Contrary to defendant's contention, the court acknowledged those aspects of the offense that favored defendant, including his relationships with the children and the fight that provoked the incident. However, the court also concluded that defendant's conduct had been serious and worrisome insofar as he had put two children, as well as himself, the victim, and her friend at risk of grave harm. The court further recognized the threat defendant had made about taking the infant child. Finally, in considering defendant's record, the court stated that, while many of his convictions were not recent, his overall record further contributed to a conclusion that defendant should not be released on conditions. The trial court's ruling was within its discretion.

*Affirmed.*