2006 VT 90

**STATE of Vermont v. Vladimir AVGOUSTOV**

[907 A.2d 1185]

No. 06-314

¶ 1. August 7, 2006. Defendant Vladimir Avgoustov appeals the Chittenden District Court's order denying him bail. Defendant is charged with one count of aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(8). We affirm.

¶ 2. The maximum sentence for aggravated sexual assault is life imprisonment, 13 V.S.A. § 3253(b), and therefore defendant is not entitled to bail as a matter of right if the evidence of guilt is great, *id.* § 7553. A presumption arises in favor of incarceration if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt. *State v. Blackmer*, 160 Vt. 451,

454, 631 A.2d 1134, 1136-37 (1993). The trial court then must exercise its discretion in determining whether or not to impose bail and conditions of release. *Id.* at 458, 631 A.2d at 1139. The court's discretion is extremely broad, but its decision cannot be arbitrary. *Id.*

¶ 3. In its decision, the trial court considered two categories of evidence. The first was the statements from the alleged victim, R.B., describing the sexual act and the circumstances of the encounter. The court reviewed the videotape of the interview the child gave to the police, and found her to be both competent and articulate. The court also relied upon defendant's confession that comported with the child's statements. The court concluded that such evidence was substantial and admissible. The court then considered that defendant lacks ties to the community that would motivate him staying in Vermont because, although he is married, he has no other family in the area and is no longer employed. The court denied bail.

¶ 4. Defendant first challenges that the State does not present substantial, admissible evidence of guilt. Specifically, defendant argues that although the State has filed a motion to admit R.B.'s hearsay statements, they have not yet been deemed admissible by the trial court. Defendant also argues that the court improperly relied upon defendant's alleged statements in the affidavit of probable cause, because defendant is not a native speaker of English and lacked a Russian interpreter at the time he made the statements. We review the trial court's decision to determine whether it is supported by the proceedings. We decide whether the State has presented substantial, admissible evidence of guilt, absent conflicting or modifying evidence. *State v. Turnbaugh*, 174 Vt. 532, 534, 811 A.2d 662, 665-66 (2002) (mem.). We conclude that the evidence offered by the State supports the court's ruling.

¶ 5. When faced with a challenge to the evidence relied upon by the State in a bail hearing, where the challenge is based upon application of the exclusionary rule because use of the evidence would violate the defendant's constitutional rights, the court engages in a two-step analysis. *State v. Passino*, 154 Vt. 377, 382, 577 A.2d 281, 285 (1990). The court first looks to see whether the State has sufficient evidence to deny bail without considering the challenged evidence; if so, it need not proceed further. *Id.* The second step is to determine whether the State can make out a prima facie case of compliance with applicable constitutional requirements. *Id.*

¶ 6. We need not reach step two in this case. Although defendant challenges the admissibility of R.B.'s hearsay statement, the State has still presented substantial, admissible evidence of guilt because defendant's alleged statements in the affidavit of probable cause are sufficient to support denial of bail. Defendant advised the officers that he understood English well enough to have the conversation, and his statements are sufficiently detailed to convince us that, for the purposes of the hearing on bail, the trial court did not improperly rely upon them.

¶ 7. In the alternative, defendant argues that the trial court abused its discretion in denying bail. Even though defendant is not entitled to bail pursuant to 13 V.S.A. § 7553, the trial court does have discretion to allow bail. *Turnbaugh*, 174 Vt. at 535, 811 A.2d at 666. The trial court adequately exercised its discretion to deny bail. It considered certain factors set forth in 13 V.S.A. § 7554, including defendant's family ties, employment, financial resources, and record of convictions, and concluded that because defendant did not have extensive ties to the community and lacked employment, he posed a risk of flight sufficient to deny

bail. The trial court's ruling was within its discretion.

*Affirmed.*