2009 VT 12

**STATE of Vermont v. Rodney BUSHEY, Sr.**

[969 A.2d 119]

No. 08-525

¶ 1. January 9, 2009. In September 2008, defendant was arraigned on four counts of sexual assault on a stepchild — two counts for assaulting a child under the age of sixteen, 13 V.S.A. § 3252(e)(1), and two counts for assaulting a child under the age of eighteen, *id.* § 3252(d) — as well as two counts of lewd and lascivious conduct with a child under 13 V.S.A. § 2602.* All four sexual assault charges

---

* We note that the district court's docket entries in this case indicate that defendant was charged under different statutory provisions, but those were replaced in 2006 by the provisions we cite here. 2005,

carry a maximum term of life in prison. At arraignment, the State moved for defendant to be held without bail, offering police affidavits that described the complainant's allegations and defendant's admissions. Pursuant to 13 V.S.A. § 7553, which allows a person charged with an offense punishable by life imprisonment to be held without bail when the evidence of guilt is great, the court granted the State's initial motion. *State v. Passino*, 154 Vt. 377, 383, 577 A.2d 281, 285 (1990) (holding that if the district court makes an initial determination of probable cause, the court may hold defendant without bail for such time as is necessary to allow parties to prepare for full bail hearing).

¶ 2. The court stated that it would hold a bail hearing as soon as possible. At a September 23, 2008 status conference, the court proposed, and defendant's attorney agreed, to conduct a bail review in mid-October. Defendant's attorney specifically requested that time to allow him to process the complainant's recorded statements that the State was planning to use as evidence against defendant.

¶ 3. As planned, a bail review hearing was held on October 13, 2008. At that hearing, the State offered an audio recording of the complaining witness's interview with the police that included her swearing to the truth of the statement at the end, a transcript of the interview, and defendant's sworn statement admitting that he had engaged in sexual intercourse and other sexual acts with complainant. Defendant objected to the audio recording as not authenticated and not in affidavit form, but the court admitted the evidence, stating that the sworn interview was the functional equivalent of an affidavit. After the State offered its evidence, defendant's son testified on defendant's behalf, speaking to defendant's history of

living and working in Franklin County. Additionally, the son testified that defendant could live in a trailer located on the son's property or on the land of a friend nearby, that the son would monitor defendant according to any conditions of release the court set, and that he would report any violations of those conditions to the state police. On cross-examination, the son stated that he had seen his father only four or five times in the last three years.

¶ 4. After the hearing, the district court issued an order to hold defendant without bail, pursuant to 13 V.S.A. § 7553, finding that the State's evidence of defendant's guilt was great. Although not entitled to bail under that standard, defendant's suitability for release on conditions was nevertheless examined by the court according to the requirements of our case law. *State v. Duff*, 151 Vt. 433, 441, 563 A.2d 258, 264 (1989). It concluded that release on conditions was not appropriate because defendant's ties to the community were tenuous given that his wife had thrown him out of his home, he had a weak relationship with the son offered as his custodian, he had practically no relationship to his grandchildren, and there was no evidence presented relating to defendant's employment, financial resources, character or mental condition.

¶ 5. On appeal, defendant contests the district court's use of the audio recording of the complaining witness, arguing that it could not function as an affidavit because the witness did not swear to her statements until the end of the interview. Defendant offers no reason or citations to law showing that an oral statement attested to by the witness at the end of her statement is less admissible than a written affidavit attested to at the bottom of the statement. Even if the complaining witness's interview were not admitted, the court could still rely on defendant's own sworn admissions. Consequently, we have no reason to dispute the district

No. 192 (Adj. Sess.), § 10, eff. May 26, 2006.

court's finding that the evidence of defendant's guilt is great. 13 V.S.A. § 7553.

¶ 6. Defendant's second issue on appeal is that the district court abused its discretion in denying defendant's November 2008 motion for another bail hearing. In its entry order, the court ruled that defendant was not entitled to "serial" bail hearings. Defendant responds that the October 13 hearing was not, in fact, a bail review. The transcript of that hearing, however, indicates the contrary. The court specifically states that it is a bail review hearing. Further, the September 27 status conference transcript illustrates that defendant's attorney requested that the hearing take place in October so that he would have time to evaluate the State's evidence. At the October hearing, the court considered not just the evidence against defendant, but also the testimony offered by defendant's witness as well as the factors bearing on whether the court could allow bail and conditions of release even though defendant was not entitled to bail as a matter of right. Cf. *State v Harper*, Dkt. No. 2008-426 (reversing trial court's order to hold defendant without bail where court held no hearing and made no findings relative to the possibility of releasing defendant on conditions). In sum, the October hearing covered every aspect of the process mandated for an adjudication to hold a defendant without bail when he is charged with a crime punishable by life in prison. See *Duff*, 151 Vt. at 442, 563 A.2d at 264.

¶ 7. There may be occasions when it is appropriate for a court to hold a subsequent bail review hearing. In this case, however, defendant's motion for a second hearing failed to address the district court's primary reason for refusing to release defendant on conditions, namely, insubstantial ties to the Franklin County community. The motion merely indicated that defendant had identified two other possible custodial living situations. As indicated in the district court's earlier order, however, defendant was not denied bail just because the court found the custodial proposal unacceptable. It was no abuse of the court's discretion to refuse a second bail review hearing under the motion and circumstances presented.

*The district court's orders of October 16 and November 21, 2008 are affirmed.*