# ENTRY ORDER

2015 VT 127

SUPREME COURT DOCKET NO. 2015-331

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Evan P. Ford | } | DOCKET NO. 641-7-15 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant Evan P. Ford argues the Bennington Superior Court abused its discretion when the court held him without bail. Pursuant to 13 V.S.A. § 7553, the trial court's order denied defendant bail on four charges that each carry a maximum sentence of life imprisonment. In addition, the court found that neither home detention under 13 V.S.A. § 7554b nor the sheriff's monitoring program under 13 V.S.A. § 7554d would sufficiently protect the public. Defendant appealed to this Court. As provided by 13 V.S.A § 7556(e) and Chapter II, § 40 of the Vermont Constitution, a hearing was held on September 23, 2015, before a panel of three Supreme Court Justices. For the reasons stated, we affirm the trial court's decision.

¶ 2.    The trial court established the following facts at a weight-of-evidence hearing on August 20, 2015. On the night of July 25, 2015, defendant broke through the outer door of a residence occupied by Vincent Tatro and Hallie Monroe. He was armed with a rifle and, at some point during his forced entry, the rifle fired—the bullet passed through the door and into the opposite wall. The trial court could not determine whether defendant intended to fire the rifle or whether the discharge was an accident caused by his forced entry.

¶ 3.    After breaking through the door, defendant headed upstairs, where he found Tatro and Monroe sleeping. Defendant pointed the rifle at Tatro and Monroe and demanded to know the whereabouts of Forrest King, whom defendant threatened to kill. They explained that King was not in the apartment, but defendant ignored their explanations and threatened to kill them. Defendant then pulled the gun's trigger. The empty chamber clicked. Apparently, the magazine had fallen from the rifle. While defendant was distracted by the gun's failure to fire, Monroe grabbed for the rifle and Tatro fled down the stairs. Monroe failed to take the rifle but she did push defendant to the ground before escaping.

¶ 4.    By the time Tatro and Monroe escaped, police officers had arrived outside the residence.  They found defendant standing on the porch of the residence, bent over and apparently looking for something. Defendant still held the rifle.  At first, he ignored the officers' commands to drop the rifle, but eventually he tossed it to the ground.  In custody, defendant said that the officers were lucky he lost his magazine or there would have been a "fire fight."  And defendant again threatened King's life, saying that if the officers released defendant, he would find King and kill him.  The officer who searched defendant found bullets in his pockets.  When the police investigated the residence, they found a loaded gun magazine on the floor, apparently where it fell out of defendant's rifle.

¶ 5.    Defendant does not have a known serious prior record.  His only previous offenses are minor and are at least twenty years old.  Defendant could reside with his brother, who lives in Bennington with his wife and two children.  Defendant had lived in the house previously; however, his brother and his wife both work, so defendant could not be constantly supervised.

¶ 6.    After the hearing, the trial court issued a written order denying bail on August 26, 2015.  Pursuant to § 7553, the court's order denied defendant bail on four charges that carry a maximum sentence of life imprisonment: two charges of attempted first degree murder in violation of 13 V.S.A. § 2301 and two charges of kidnapping with the intent to inflict bodily harm in violation of 13 V.S.A. § 2405(a)(1)(C).  The court acknowledged several factors favored release on bail: defendant did not have an extensive criminal record; defendant's brother offered to house and supervise defendant; defendant's family lived in the area; and, the record lacked any evidence defendant would flee or fail to appear in court.  But the court found these favorable factors dwarfed by the extremely dangerous nature of the offense, the threats against King and the police officers, and the possibility that other bystanders, such as Tatro and Monroe, could be involved.  In addition, the trial court found that the risk to third parties and the nature of the offense precluded both home detention under § 7554b and the Windham County Sheriff's monitoring program authorized by § 7554d.  Thus, the court declined to release defendant on bail.

¶ 7.    Defendant argues the trial court abused its discretion in two respects: first, the court generally abused the discretion provided under § 7553 by not considering all of the factors listed in § 7554; and second, the court did not consider the specific factors listed in § 7554b related to release in the home detention program or in the sheriff's monitoring program.  The State claims the court weighed all of the necessary factors under § 7553 and § 7554b and properly denied bail.

¶ 8.    This Court reviews bail appeals of this nature based on the record below.  State v. Avgoustov, 2006 VT 90, ¶ 4, 180 Vt. 595, 907 A.2d 1185 (mem).  Our review under § 7553 and § 7554b is strictly limited to whether the trial court abused its discretion.  State v. Pellerin, 2010 V.SA. ¶ 13, 187 Vt. 482, 996 A.2d 2014; State v Barrows, 172 Vt. 596, 596, 776 A.2d 431, 431 (2001) (mem.).

¶ 9.    Section 7553 and § 7554b impose slightly different discretionary standards on the trial court. We analyze each in turn.

¶ 10. Under 13 V.S.A. § 7553, a defendant may be held without bail if the defendant is "charged with an offense punishable by life imprisonment" and the trial court finds that "the evidence of guilt is great." A presumption against release arises if "substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." Avgoustov, 2006 VT 90, ¶ 2. Even if the trial court determines the evidence of guilt is great and a presumption for incarceration exists, the court may release the defendant on bail. State v. Falzo, 2009 VT 22, ¶ 6, 189 Vt. 616, 969 A.2d 694 (mem). In exercising its discretion to release a defendant, the trial court may look to the factors listed in § 7554, including the weight of evidence against the accused, the seriousness of the charge, the defendant's family ties, his record of convictions, and the defendant's recent history of violent threats. 13 V.S.A. § 7554(b); Avgoustov, 2006 VT 90, ¶ 7. Thus, the trial court's discretion is broad, but the bail decision cannot be arbitrary. Avgoustov, 2006 VT 90, ¶ 2.

¶ 11. We find no abuse of discretion here. The weight of the evidence introduced during the hearing was substantial enough to give rise to a presumption for incarceration. Further, the trial court satisfied the discretionary standard by considering several of the factors listed under § 7554 in the written order. For example, the court highlighted the serious nature of the charges; indeed, the court noted that only dumb luck prevented defendant from being charged with murder. The court also pointed to the violent threats against King that lasted throughout the incident and continued when defendant was in custody. Finally, the court expressed concern that defendant's violent threats and actions involved innocent bystanders. The court acknowledged several factors favored defendant's release, but determined that no conditions of release could offset the serious charges and violent threats. This determination is well within the court's discretion. We note that under § 7553 the presumption is against release and there is no requirement that a court consider all of the factors listed in § 7554 when exercising its discretion. The trial court properly weighed the evidence submitted at the hearing and did not abuse its discretion by denying bail under § 7553.

¶ 12. By contrast, a trial court's discretion is more limited under § 7554b. State v. Whiteway, 2014 VT 34, ¶ 18, 196 Vt. 629, 95 A.3d 1004 (mem.) (Whiteway I). The trial court still retains discretion under § 7544b, Whiteway I, 2014 VT 34, ¶ 18, but unlike § 7553, the trial court must review three factors when considering whether home detention is appropriate:

> (1) the nature of the offense with which the defendant is charged;
>
> (2) the defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight; and
>
> (3) any risk or undue burden to other persons who reside at the proposed residence or risk to third parties or to public safety that may result from such placement.

§ 7544b(b). Although the trial court's discretion is limited by these required factors, the presumption for incarceration under § 7553 still applies. Whiteway I, 2014 VT 34, ¶ 18. So the defendant has the burden to show that home detention should be ordered. Id.

¶ 13. The trial court's decision was not an abuse of discretion. The court properly considered all three factors in § 7544b(b). The trial court found the nature of the offense to be extremely dangerous and violent in character, which weighed against home detention under § 7544b(b)(1). Similarly, § 7544b(b)(3) did not favor home detention; given defendant's violent actions against Tatro and Monroe, the court found the risk to third parties and public safety to be high. Finally, the court recognized that the factors listed in § 7544b(b)(2) supported home detention, but measured against the unsupportive factors, the court determined home detention could not adequately protect the public. This decision was within the court's discretion. Although § 7544b limits the court's discretion, the presumption against release still applies and the defendant must demonstrate home detention would adequately protect the public. Whiteway I, 2014 VT 34, ¶ 18. The trial court properly weighed the factors and determined defendant did not meet his burden to show home detention would provide public security.

¶ 14. We note that defendant's reliance on Whiteway I during oral argument is misplaced. In Whiteway I, we found that the trial court "did not articulate any factors specific to defendant herself that weighed against her in the court's reasoning" and did not weigh the factors in § 7544b(b)(2). Whiteway I, 2014 VT 34, ¶ 21. In this case, by contrast, the court addressed the defendant's prior convictions and history of violence as required by § 7544b(b)(2). Similarly, the trial court found factors specific to defendant that weighed against home detention, e.g., the innocent bystanders and continued threats against King. In these respects, the trial court's analysis mirrors not Whiteway I, but Whiteway II. State v. Whiteway, 2014 VT 49, ¶ 8, 196 Vt. 638 (mem.) (Whiteway II) (upholding denial of bail because court's findings "were specific to defendant"). Here, like Whiteway II, the court considered the requisite factors as applied to defendant and did not stray from the bounds of discretion.

¶ 15. Finally, we address defendant's argument relating to 13 V.S.A. § 7554d—the sheriff's electronic monitoring program. Section 7554d(2)(A) states that "the court shall use the criteria in section §7554b for determining whether home detention is appropriate." As such, the analysis for the electronic monitoring program mirrors our home detention inquiry. Accordingly, we hold that the trial court did not abuse its discretion by determining electronic monitoring and home detention would not protect the public.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
Marilyn S. Skoglund, Associate Justice

☐ Do Not Publish

_____
Harold E. Eaton, Jr., Associate Justice

4