¶ 3. Both the Vermont Constitution and its implementing statutes presume that bail shall be granted except that "[a] person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." 13 V.S.A. § 7553 ; see also Vt. Const. ch. II, § 40. Thus, the presumption of bail reverses where a person is charged with a crime carrying a maximum sentence of life imprisonment and the State can show "great" evidence of guilt. State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). In such a case, "[a] presumption arises in favor of incarceration" though a trial court has discretion to, instead, impose conditions of release on a defendant and permit bail. Id.
¶ 4. In the exercise of its discretion, a trial court may look to the factors listed in 13 V.S.A. § 7554(b) to decide whether a defendant should be granted bail regardless of the presumption of incarceration. State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.) ("In exercising its discretion to release a defendant, the trial court may look to the factors listed in § 7554 [.]"); see also Avgoustov, 2006 VT 90, ¶ 7 (holding trial court "adequately exercised its discretion" where it "considered certain factors set forth in 13 V.S.A. § 7554"); State v. Rondeau, 2017 VT 21, ¶ 12, --- Vt. ----, 167 A.3d 332 (mem.) (holding trial court had discretion to consider § 7554(b) factors to deny bail). However, § 7554(b) by its terms applies directly only to decisions about conditions when defendant has a constitutional right to bail. Section 7554(b) lists nine factors:
the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.
13 V.S.A. § 7554(b).
¶ 5. In this case, one of the charges against defendant carries a maximum sentence of life imprisonment and defendant conceded before the trial court that the State has sufficient evidence of guilt to trigger a reversal of the constitutional presumption in favor of bail. The trial court accordingly found that defendant was not bailable as a matter of right and then individually considered each § 7554(b) factor's application to defendant. The court found that factors related to the defendant's length of residence in the community, financial resources, lack of prior criminal record, and absence of any previous *895 failures to appear in court weighed in favor of a discretionary decision imposing conditions of release. But the court also found that those factors were significantly outweighed by the seriousness of the offense charged against defendant, the nature and circumstances of that offense, and defendant's character and mental condition. Finally, the court acknowledged that defendant had previously been released on home detention and that he had violated the terms of home detention at least once. As a result, the trial court declined to impose conditions of release and held defendant without bail.
¶ 6. Defendant argues on appeal that the trial court abused its discretion by "triple-counting" the sufficiency of the State's evidence when it considered the § 7554(b) factors and that the trial court did not give sufficient weight to a witness's testimony supporting defendant's character and mental condition. We cannot agree with either of defendant's arguments.
¶ 7. First, defendant argues that the trial court erred when it found that, because defendant had conceded that the State had "great" evidence of guilt for purposes of the § 7553 analysis, the weight of the evidence for purposes of the § 7554(b) analysis also favored holding defendant without bail. This analysis is within the trial court's broad discretion. Avgoustov, 2006 VT 90, ¶ 2 ("The court's discretion is extremely broad, but its decision cannot be arbitrary."). Indeed, a court's determination of the weight of the evidence under § 7554(b) is "of course contained within its 13 V.S.A. § 7553 finding that the evidence of guilt [is] great." Rondeau, 2017 VT 21, ¶ 13. We find no abuse of discretion here.
¶ 8. Next, defendant argues that the court erred when it weighed the nature of the charged offenses in its consideration of defendant's character and mental condition. In response to this point, we reiterate that while a trial court may look at the § 7554(b) factors when deciding whether to grant a defendant bail, § 7554(b) is not specifically applicable to a trial court's consideration of whether bail should be authorized when a defendant is presumed not to be bailable. Thus, the language of § 7554(b) that requires consideration of each factor in determining conditions of release is not applicable. See 13 V.S.A. § 7554(b) ("In determining which conditions of release to impose ... the [court] shall ... take into account [each of the listed factors]."). When a trial court uses the § 7554(b) factors to guide consideration of whether to grant bail to a defendant not presumed to be bailable, as the court did here, the broad discretion allocated to the court indicates that strict application of each factor's narrowest definition is not required. We will find that a trial court has abused its discretion only where "the discretion of the trial court was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable." State v. Toomey, 126 Vt. 123, 125, 223 A.2d 473, 475 (1966). Here, the court acted within its discretion.* We interpret its consideration of the nature of the charges as bearing on defendant's character and mental condition as a recognition that the charges arise out of defendant's conduct that occurred with respect to a former patient in therapy sessions. Thus, the charges allege both personal and professional misconduct, and this reflects on defendant's character.
¶ 9. We also cannot agree with defendant that the court gave inadequate *896 weight to a witness's testimony in favor of defendant's character and mental condition. The witness's testimony focused almost entirely on her willingness to help defendant with necessary errands if he was released on home detention, not on defendant's character and mental condition. Given the nature of the testimony, we hold that the court accorded it appropriate weight.
Affirmed.

This is not a holding that if 13 V.S.A. § 7554(b) were applicable the trial court's analysis would have complied with the requirements of the section.