# ENTRY ORDER

2017 VT 110

SUPREME COURT DOCKET NO. 2017-391

NOVEMBER TERM, 2017

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Lamoille Unit, |
| | } Criminal Division |
| | } |
| Jay Orost | } DOCKET NOS. 357/362/363/364-10-17 Lecr |

Trial Judge: Thomas Z. Carlson

In the above-entitled cause, the Clerk will enter:

¶ 1. Defendant appeals the trial court's October 16, 2017 and October 26, 2017 decisions to deny bail under 13 V.S.A. § 7553. We affirm in part, and reverse and remand in part.

¶ 2. Defendant is charged with numerous offenses under four dockets.[1] Defendant was arraigned on the Docket 357 charges in the Lamoille Superior Court on October 16, 2017. The charges included seven offenses, three of which were punishable by life imprisonment: two counts of sexual assault of a victim under the age of eighteen entrusted to defendant's care in violation of 13 V.S.A. § 3252(d), and one count of aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(9). On the same date, the State requested that defendant be held without bail because defendant was "charged with an offense punishable by life imprisonment, and . . . evidence of guilt [was] great." 13 V.S.A. § 7553 ("A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail."). At the arraignment hearing, the trial court considered: the potential life sentences associated with the charges; the nature, extent, and severity of the alleged abuse; and the lack of indicia that the allegations were unreliable. The court held defendant without bail, pending a weight-of-the-evidence hearing.

¶ 3. The trial court held a weight-of-the-evidence hearing on October 26, 2017, and issued a written decision on the same day, holding defendant without bail pursuant to 13 V.S.A. § 7553. Before beginning the weight-of-the-evidence hearing, the trial court arraigned defendant on the additional charges against him in the three other dockets: Dockets 362, 363, and 364. Of the various charges asserted in each of those dockets, Docket 364 included two additional charges

---

[1] Docket No. 357-10-17 Lecr (filed 10/16/17); Docket No. 362-10-17 Lecr (filed 10/26/17); Docket No. 363-10-17 Lecr (filed 10/26/17); and Docket No. 364-10-17 Lecr (filed 10/26/17). We refer to the respective dockets by the first three digits of the docket number for ease of reading.

punishable by life imprisonment.[2]  None of the charges in Dockets 362 or 363 carried potential life imprisonment penalties; however, Docket 362 included an obstruction-of-justice charge, alleging that defendant "offer[ed] K.O. . . . $100,000 to drop charges against him, in violation of 13 V.S.A. § 3015."  At the hearing, the court examined whether an affidavit from defendant's minor daughter K.O.—the target of the alleged sexual abuse—was admissible and sufficient evidence of defendant's guilt, and whether the court should exercise discretion and allow bail despite the seriousness of the charges and the additional charges in the newly arraigned dockets. Ultimately, the court held defendant without bail in all dockets.  Defendant appealed the October 16, 2017 and October 26, 2017 decisions to this Court, pursuant to 13 V.S.A. § 7556(e) and Chapter II, § 40 of the Vermont Constitution.

¶ 4.     In Docket 357, we affirm the trial court's denial of bail.  An individual may be held without bail when that person is "charged with an offense punishable by life imprisonment [and] the evidence of guilt is great."  13 V.S.A. § 7553.  In these cases, "[a] trial judge has the discretion to allow bail even where, pursuant to 13 V.S.A. § 7553, a defendant is not entitled to it."  State v. Falzo, 2009 VT 22, ¶ 6, 185 Vt. 616, 969 A.2d 694 (mem.).  Docket 357 contained three charges carrying possible life imprisonment sentences, triggering analysis under 13 V.S.A. § 7553. Recognizing this, the trial court properly conducted two lines of inquiry to determine: (1) whether the evidence of defendant's guilt was great; and (2) whether the court should exercise discretion in granting bail under the circumstances.  We will consider these conclusions in turn.

¶ 5.     In making a bail determination under 13 V.S.A. § 7553, the trial court applies the standard of proof articulated in Rule 12(d) of the Vermont Rules of Criminal Procedure.  State v. Duff, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989) ("[T]he State must show that facts exist that are legally sufficient to sustain a verdict of guilty.").  To establish a prima facie case that evidence meets the constitutional threshold set by Rule 12(d), the court will "consider whether substantial, admissible evidence of guilt, taken in the light most favorable to the State, can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty."  State v. Hardy, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.).  On appeal, this Court independently determines whether the standard has been met.  Id. ¶ 11 ("Because the standard for assessing the weight of the evidence is an objective one, this Court must determine whether substantial, admissible evidence of guilt, taken in the light most favorable to the State, can reasonably and fairly convince a fact-finder beyond a reasonable doubt that the defendant is guilty.").

¶ 6.     Once the weight of the evidence has been found to be great, we review the trial court's decision on whether to deny bail in accordance with the 7554(b) factors for an abuse of discretion.  State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204.  At this stage, "where the constitutional right [to bail] does not apply, the presumption is switched so that the norm is incarceration and not release."  State v. Blackmer, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993).

---

[2] Docket 364 charged defendant with one count of sexual assault on a minor under the age of sixteen in the care of defendant in violation of 13 V.S.A. § 3252(e)(1), and one count of sexual assault of a victim under the age of eighteen entrusted to defendant's care in violation of 13 V.S.A. § 3252(d).  Both carry potential life imprisonment penalties.

¶ 7.    First, the court did not err in finding that the evidence of defendant's guilt was great. The trial court denied bail based on information by the state's attorney, affidavits from the Lamoille County Sheriff's Department, a sworn affidavit from K.O., and the additional information and charges against defendant at the October 26 arraignment. K.O.'s affidavit was particularly persuasive in the court's assessment. This evidence, taken in the light most favorable to the State, satisfies the Rule 12(d) standard; the court properly found that evidence of guilt was great.

¶ 8.    Defendant argues that K.O.'s affidavit was inadmissible and insufficient to support the court's conclusion. However, this Court's precedent runs contrary to defendant's assertions; affidavits are admissible evidence at bail hearings. See State v. Bushey, 2009 VT 12, ¶ 5, 185 Vt. 597, 969 A.2d 119 (mem.) (holding that sworn oral interview, like affidavit, was admissible at bail-review hearing); State v. Turnbaugh, 174 Vt. 532, 534, 811 A.2d 662, 665 (2002) (mem.) (explaining that court has repeatedly considered affidavits offered by both parties in assessing admissibility for bail hearings); Blackmer, 160 Vt. at 454, 631 A.2d at 1134 (explaining that state must establish "by affidavits, depositions, sworn oral testimony, or other admissible evidence that it has substantial, admissible evidence as to the elements of the offense." (quotation omitted) (emphasis added)). Thus, the court did not err in allowing K.O.'s affidavit as evidence in defendant's bail hearing or in relying on it in determining the evidence of guilt was great.

¶ 9.    Second, defendant contends that K.O.'s affidavit was insufficient because it was not specific enough to support the charges against defendant. We do not agree. Defendant argues that K.O.'s allegations lacked specific dates and times for particular instances of abuse, rendering the affidavit insufficient to meet the Rule 12(d) standard. Under Rule 12(d), the trial court must consider whether the evidence, taken in the light most favorable to the State, "can fairly and reasonably convince a factfinder beyond a reasonable doubt that the defendant is guilty." State v. Baker, 2015 VT 62, ¶ 2, 199 Vt. 639, 116 A.3d 1192 (mem.). It is not the role of the trial court to judge the State's case, but to determine "whether the facts adduced by the State, notwithstanding contradiction of them by defense proof, warrant the conclusion that if believed by a jury they furnish a reasonable basis for a [guilty] verdict." Turnbaugh, 174 Vt. at 534, 811 A.2d at 665 (quotation omitted) (alteration in original). In this case, defendant is charged with multiple counts of sexual assault of his minor child in violation of 13 V.S.A. §§ 3252(d) and 3253(a)(9). K.O.'s affidavit states that her father engaged in sexual contact with her numerous times since she was ten, and provides the locations, as well as estimates regarding the extent and duration, of this activity over the past seven years. The affidavit details defendant engaging in sexual activities, such as manual stimulation, oral sexual contact, and digital vaginal penetration, with K.O., his minor daughter. These statements, if believed by a jury, would be sufficient to support a conviction on these charges. Therefore, the affidavit was sufficient to satisfy Rule 12(d), and the trial court's reliance on K.O.'s affidavit was without error; the court properly denied bail under 13 V.S.A. § 7553.

¶ 10.    Additionally, the court determined in the exercise of its discretion not to grant defendant bail. Falzo, 2009 VT 22, ¶ 6 ("A trial judge has the discretion to allow bail even where, pursuant to 13 V.S.A. § 7553, a defendant is not entitled to it."). In reaching this conclusion, the court examined the factors listed under 13 V.S.A. § 7554(b). In the exercise of its discretion, "a trial court may look to the factors listed in 13 V.S.A. § 7554(b) to decide whether a defendant should be granted bail regardless of the presumption of incarceration." State v. Henault, 2017 VT

3

19, ¶ 4, __ Vt. __, 167 A.3d 892 (mem.) (applying the factors listed in 13 V.S.A. § 7554(b) to a 13 V.S.A. § 7553 appeal, even though the text of the section only addresses appeals of conditions of release).  These factors include:

> the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Id.; 13 V.S.A. § 7554(b).

¶ 11.  Here, the judge considered the seriousness of the numerous charges against defendant across all four dockets, the charges that defendant violated outstanding protective orders, the obstruction-of-justice charge, the fact that five of the charges involved potential life imprisonment, and defendant's family ties.  Based on these factors, the court denied bail.  The judge stated:

> [W]e're now looking at a total of twenty-one charges, four or five punishable by life in prison and several of which involve violations of outstanding court orders and what appears to be—at least, if you accept the allegations as true—an attempt to persuade his daughter to recant by way of offering her cash, his leaving the jurisdiction, and taking other extreme measures and trying to use her mother to persuade her to do that on the ground that this was all going to ruin the family economically.

The judge did not credit defendant's family ties as sufficient to bind him to the community and appear in court.  The various sexual allegations by defendant's daughter, alongside defendant's attempts to manipulate K.O. and her mother into recanting these allegations by applying financial pressure, "undercut the question of family ties."  Prior to K.O.'s allegations, defendant lived with K.O. and her mother, his former stepdaughter.  Following the charges, defendant's wife filed for an annulment of their marriage.  Defendant is no longer permitted to have contact with K.O. and has limited contact with other family members.  These factors further support the court's concern regarding defendant's nonappearance in court due to the change in family circumstances.  Due to the nature and severity of the charges, the additional charges brought against the defendant, and the sudden change in defendant's family dynamics, the court denied bail.  While the trial court could have provided a more detailed analysis of the 13 V.S.A. § 7554(b) factors, its discussion of the multiple significant factors that were central to its analysis was sufficient in this case, and we therefore affirm.

¶ 12.  Regarding the additional charges brought before the trial court at the October 26 hearing, we reverse and remand the court's denial of bail in Dockets 362 and 363.  Looking to the proceedings below, the court's order to hold defendant without bail in these dockets, based on its decision to grant the hold-without-bail order in Docket 357, was error.  The bail order in these two dockets must be reversed because: (1) these dockets contain no charges carrying potential penalties

4

of life imprisonment; (2) the State has not clearly asked for the court to hold defendant without bail in either of these dockets pursuant to 13 V.S.A. § 7553a; and (3) the court has not made the required findings under 13 V.S.A. § 7553a. Because Docket 364 contains charges punishable by potential life imprisonment, the hold-without-bail analysis employed in Docket 357 is equally applicable in this docket. Applying that analysis, we agree the evidence of guilt is great in that docket as well. Accordingly, we affirm the hold-without-bail orders in Dockets 357 and 364, and we reverse and remand in Dockets 362 and 363 for determination of bail in those dockets.[3]

The bail orders in Docket Nos. 357-10-17 Lecr and 364-10-17 Lecr are affirmed. The orders pertaining to Docket Nos. 362-10-17 Lecr and 363-10-17 Lecr are reversed and remanded.

BY THE COURT:

Paul L. Reiber, Chief Justice

☒ Publish

Beth Robinson, Associate Justice

☐ Do Not Publish

Harold E. Eaton, Jr., Associate Justice

---

[3] Because the hold-without-bail orders do not apply to all dockets upon which defendant has been arraigned, the issue of bail remains relevant in Dockets 362 and 363 insofar as it may impact defendant's credit for time served in the event he is convicted on charges in these dockets.

5