ENTRY ORDER
2021 VT 38
SUPREME COURT DOCKET NO. 2021-076
APRIL TERM, 2021

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Criminal Unit, |
| | } | Bennington Division |
| | } | |
| Denzel Lafayette | } | DOCKET NO. 20-CR-01280 |
| | } | |
| | | Trial Judge:  Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

¶ 1.　Defendant appeals an April 6, 2021 hold-without-bail order, arguing that the court erred when it concluded that defendant's exhibits, submitted at the weight-of-the-evidence hearing, constituted modifying evidence.  Additionally, defendant contends that the court erred in its 13 V.S.A. § 7554(b) analysis.  We affirm.

¶ 2.　The record indicates the following.  On September 4, 2020, defendant was charged by information with one count each of sexual assault, 13 V.S.A. § 3252(a)(1), sexually exploiting a child, 13 V.S.A. § 2828(a), possessing child sex abuse material, 13 V.S.A. § 2827(a), and carrying a dangerous weapon while committing a felony, 13 V.S.A. § 4005.  That same day, an arrest warrant was issued.

¶ 3.　Defendant was arrested and arraigned on March 3, 2021, and was held without bail pursuant to 13 V.S.A § 7553 (authorizing court to hold defendant without bail when charged with offense punishable by life imprisonment when evidence of guilt is great).  In addition, the court imposed conditions prohibiting defendant from contacting, abusing, or harassing the complainant, K.V.  A weight-of-the-evidence hearing began on March 17, where the State introduced three exhibits—the affidavit of probable cause, a sworn written statement from K.V., and a sworn written statement from K.V.'s mother—and then rested.  The hearing was continued to allow defendant time to present evidence, and was held over two separate days during which defendant presented the testimony of the investigating officer and admitted sworn oral testimony from three individuals—K.V., witness Steve Rogers, and K.V.'s father.[1]

¶ 4.　On April 6, the court issued an order holding defendant without bail.  The court noted that the sole issue raised by the defendant was the identity of the perpetrator.  Defendant did

---

[1] Defendant argues that the court erred by deeming all three of these exhibits modifying evidence.  However, defendant neither addressed nor made a specific argument as to the sworn oral statement of complainant's father in either his brief or at oral argument.  Therefore, we do not address this statement.

not contest that K.V., aged fifteen, was sexually assaulted by an adult male but disputed that he was that adult male. The court relied solely on the State's affidavit and statements in finding that both K.V. and her mother identified defendant as the perpetrator. K.V. and defendant had been messaging back and forth on Facebook and talking on the phone. K.V. invited defendant to her home, he climbed through her window, and they had sexual intercourse. Two days after this incident, K.V.'s mother messaged defendant on his Facebook page asking him to call her. After first declining to do so, defendant eventually spoke to K.V.'s mother. She told defendant that he was twenty-two and K.V. was fifteen and it was wrong of him to have sex with her. According to K.V.'s mother, defendant "agreed and said he was try [sic] to do good so he could see his daughter and get his 'Bread' up." According to K.V.'s mother, defendant apologized and said it would not happen again.

¶ 5. The court then addressed defendant's evidence. It concluded that K.V.'s statement gave inconsistent descriptions of defendant on such characteristics as whether he had facial hair, tattoos, gold caps on his teeth, his skin tone, and his build. Defendant represented that, while some of these descriptions were generally accurate, they were inconsistent with how defendant appeared at the time. The court did not specifically discuss the contents of the Rogers statement.[2] It noted that the testimony of Officer Silvestro, offered by defendant, was "harmful to [defendant's] case." When questioned about the inconsistencies in the descriptions found in the K.V. and Rogers statements and asked whether it was possible that it was not defendant in K.V.'s room when she was assaulted, Officer Silvestro explained that K.V. identified defendant from the photograph on his Facebook page and a photograph of him contained in the Massachusetts Probation and Parole records.

¶ 6. The court explained that to hold defendant without bail under 13 V.S.A. § 7553 it had to determine that the "evidence of guilt is great" consistent with the standard found in Vermont Rule of Criminal Procedure 12(d), "which requires evidence sufficient to make a prima facie case against the defendant." It confirmed that evidence of guilt is great when, " 'the evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show [the] defendant guilty beyond a reasonable doubt.' " State v. Stolte, 2012 VT 12, ¶ 9, 191 Vt. 600, 44 A.3d 166 (mem.) (alteration in original) (quoting State v. Duff, 151 Vt. 433, 439, 563 A.2d 258, 262-63 (1989)). The court recognized that modifying evidence is "testimonial evidence introduced by the defense in contravention to the State's evidence, the credibility or weight of which is ultimately for the factfinder's determination." The court determined that, under the Stolte standard, defendant's evidence was modifying evidence and refused to consider it. The court concluded that the evidence of guilt was great under the Rule 12(d) standard.[3]

---

[2] It is not contested that this statement contained descriptions of an individual whom Rogers had seen and interacted with outside a neighbor's house which is near the location of the alleged sexual assault. Officer Silvestro's affidavit indicates that Rogers described this person as "black, 5'9-5'11 inches tall and having facial hair." In the oral statement introduced into evidence by defendant, Rogers describes this individual as a black male, between 5'9" to 5'11" tall, with a goatee.

[3] The court determined that the evidence satisfied the elements of sexual assault without consent under 13 V.S.A. § 3252(a)(1), which is a crime punishable by life in prison, allowing for a hold without bail under § 7553.

¶ 7. In exercising its discretion in deciding whether to release defendant on bail, the court considered the factors in 13 V.S.A. § 7554(b). See State v. Blackmer, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993) (holding that after court finds evidence of guilt is great pursuant to § 7553, it must exercise its discretion in determining whether to impose bail or conditions of release). In considering the weight of the evidence against defendant, the court determined the "weight of the evidence is great based upon the Rule 12(d) standard." After considering all of the pertinent factors, the court ordered that defendant be held without bail. Defendant appealed.

¶ 8. Defendant's argument on appeal is twofold. He submits that the court erred when it deemed K.V.'s and Rogers's statements modifying evidence and refused to consider them. In addition, defendant maintains that the court abused its discretion when it failed to examine the weakness of the prosecution's case with regard to risk of flight. We address each argument in turn.

¶ 9. First, defendant argues that when the court refused to consider K.V.'s and Rogers's statements, it was not able see the "complete picture" of the testimony of these witnesses because it was left with only Officer Silvestro's probable-cause affidavit describing the statements which, he submits, is a sanitized version of the actual statements. Specifically, defendant points out that, while the officer's affidavit contains no description by K.V. of the perpetrator, she gave a description of this individual in her recorded statement. She described him as light-skinned, with short hair, brown eyes, thick eyebrows, silver caps on some teeth, about five feet six inches tall, and having a skinny body type. She indicated she did not see any tattoos on the perpetrator's body. With respect to the Rogers statement, defendant takes issue with Officer Silvestro's characterization of Rogers describing the individual he saw as having "facial hair" when Rogers actually described this as a "goatee" during his interview. In sum, defendant argues that K.V.'s description of the perpetrator is not consistent with defendant's appearance because defendant did have tattoos and did not have silver caps on his teeth. Furthermore, the Rogers statement is not consistent with the summary in Officer Silvestro's affidavit of Rogers's description of the perpetrator. Defendant submits that, because "there were no credibility or conflict issues between the State's evidence and [defendant's] evidence in the crucial sense that none of the evidence before the trial court described the identifying characteristics of the perpetrator differently from each other" neither statement is modifying evidence. He suggests that "the complete evidence revealed serious problems with the complainant's and eye-witnesses' identification of [defendant] as the perpetrator."

¶ 10. We review § 7553 decisions for an abuse of discretion. State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204. We consider the record below, State v. Ford, 2015 VT 127, ¶ 8, 200 Vt. 650, 130 A.2d 862 (mem.), but "independently determine[] whether the standard has been met." State v. Orost, 2017 VT 110, ¶ 5, 206 Vt. 657, 179 A.3d 763 (mem.). Our review of a decision deeming evidence "modifying evidence" is de novo. Stolte, 2012 VT 12, ¶ 8.

¶ 11. The court did not err in deciding that the evidence proffered by defendant was modifying evidence. Despite defendant's representation that the evidence was admitted to provide the full picture of the witness's statements to the court, the underlying purpose in doing so was admittedly to reveal "serious problems with the complainant's and eye-witnesses' identification of [defendant] as the perpetrator." This is modifying evidence, meant to attack the reliability of K.V.'s identification of defendant as the perpetrator.

3

¶ 12.     As outlined by the trial court, in <u>Stolte</u> we determined that testimonial evidence, introduced in contravention to the State's evidence, the credibility or weight of which is ultimately for the factfinder's determination constitutes modifying evidence.  <u>Id</u>. ¶¶ 10, 11.  Here, the sole issue at the weight-of-the-evidence hearing was whether defendant was the perpetrator of the sexual assault.   The State's evidence, including K.V.'s identification of defendant as the perpetrator, supports the court's conclusion that the Rule 12(d) standard was met.   Thus, the testimonial evidence submitted by defendant to countervail the State's evidence as it pertained to the reliability of K.V.'s identification of defendant constituted modifying evidence.  See <u>State v. Gibney</u>, 2003 VT 26, ¶¶ 14-15, 175 Vt. 180, 825 A.2d 32 (holding in context of denial of motion for judgment of acquittal that exculpatory, countervailing evidence introduced by defendant constitutes modifying evidence).  As a result, the court did not err in declining to consider the evidence submitted by defendant.

¶ 13.     Next, defendant argues that the court abused its discretion when it denied defendant bail without considering the weakness of the State's case as it relates to defendant's risk of flight.  More specifically, defendant suggests that the court erred when considering the strength of the State's case under § 7554(b).  According to defendant, the court should not have done so by analyzing the Rule 12(d) standard alone but should have evaluated defendant's individual risk of flight, which was decreased because the evidence that he was the perpetrator of the offense was weak.

¶ 14.     When the court finds that the evidence of guilt is great under § 7553, the presumption is against release and the burden is on the defendant to overcome that presumption.  <u>State v. Auclair</u>, 2020 VT 26, ¶ 6, __ Vt. __, 229 A.3d 1019 (mem.).  In <u>Auclair</u>, we affirmed the court's decision that the defendant was a flight risk in large part because she was charged with an offense carrying a life sentence and the evidence of guilt was great under the Rule 12(d) standard.  <u>Id</u>. ¶ 9.  We noted that these factors created an impetus for flight.

¶ 15.     Here, the court did not abuse its discretion when it considered its determination that the evidence of guilt was great in assessing the strength of the State's case under § 7554(b).  As we recognized in <u>Auclair</u>, this factor, coupled with a charge carrying a life sentence, provides an impetus for flight.  The court did not err when it did not consider the effect of modifying evidence on this decision.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

4