2015 VT 143

**STATE of Vermont v. Joshua BLOW**

[135 A.3d 672]

No. 15-431

¶ 1. December 21, 2015. Defendant appeals the trial court's December 29, 2014 decision to deny bail and its October 14, 2015 decision to deny home detention. We affirm.

¶ 2. On July 25, 2014, the State charged defendant with second degree murder of A.H. in violation of 13 V.S.A. § 2301. Defendant was arraigned on that date and ordered held without bail pursuant to 13 V.S.A. § 7553. The evidence supporting probable cause included the medical examiner's opinion that, while in defendant's care, A.H. died as a result of blunt impact injury to his head. Although defendant admitted the injuries occurred, he told several inconsistent stories about the cause of the injuries; none of his stories explained the type of injuries identified by the medical examiner.

¶ 3. A subsequent autopsy by the medical examiner suggested that A.H. incurred his injuries "days to weeks" prior to his death. Because the medical examiner could no longer determine if the injuries occurred during one event or multiple events, the State filed a motion to review bail and a motion to review probable cause. In a September 5, 2014 written decision and order, the trial court held that probable cause still existed. But the court wrote that probable cause was "literally paper thin" and found it doubtful the State could survive a motion to dismiss under Vermont Rule of Criminal Procedure 12(d). Based partially on the weakness of the State's evidence, the court set bail at $25,000 and imposed conditions of release pursuant to 13 V.S.A. § 7554.

¶ 4. Defendant next filed a motion to dismiss under Rule 12(d) on September 5, 2014. After acquiring new evidence, the State filed a new motion to hold without bail on October 22, 2014. The trial court conducted an evidentiary hearing on these two motions, along with several others, on October 27 and October 28, 2014. At the hearing, the State presented the treating physician's testimony, which

634

indicated A.H. received a fatal injury on the morning of his death, in addition to A.H.'s earlier injuries. Based on this new evidence, the trial court denied defendant's motion to dismiss on December 15, 2014, and continued the hearing on the State's motion to hold without bail to December 29, 2014.

¶ 5. At the December 29 hearing, the court reopened the evidence from the October hearing and admitted an additional medical affidavit supporting the State's position. The court then denied bail on the record. The court noted that during the October hearing — after bail was originally set on September 5 — the State bolstered the evidence of defendant's guilt with medical testimony and the newly submitted medical affidavit. The court found that the new evidence suggested the evidence of guilt was great. In addition, the court highlighted the seriousness of the offense and the risk of flight. Although the court acknowledged defendant had significant familial ties to the area, the weight of the other factors supported denial of bail.

¶ 6. Approximately nine months later, defendant filed an application for home detention. A hearing on the application was held on October 2, 2015. The trial court subsequently denied defendant's application in a written order on October 14, 2015. In its order, the court first noted that, under *State v. Whiteway*, 2014 VT 34, 196 Vt. 629, 95 A.3d 1004 (mem.) (*Whiteway I*), the defendant bore the burden of overcoming a presumption for incarceration. The court next analyzed the three factors listed in 13 V.S.A. § 7554b(b). The court found that § 7554b(b)(1) weighed strongly against home detention because of the serious nature of second degree murder and the factual substance of the allegations. The court then examined the elements listed in § 7554b(b)(2): first, the court recognized that defendant had not been previously convicted of any violent crimes, but

noted that there was evidence of prior abuse of A.H. and that defendant had a number of prior nonviolent convictions; second, the court described a complicated supervision history that included favorable facts — defendant's prior, satisfactory residence with his cousin — and unfavorable facts — defendant's disciplinary history while incarcerated and two failure-to-appear warrants; third, the court found that a risk of flight existed because of the prior warrants and the weight of evidence. Ultimately, despite recognizing that § 7554b(b)(3) favored home detention, the court found the section's first two factors strongly weighed against home detention and denied defendant's application.

¶ 7. Defendant appeals the trial court's December 29, 2014 decision to deny bail and the court's October 14, 2015 decision to deny home detention.

¶ 8. On appeal, defendant argues that the trial court did not possess the authority or jurisdiction to revoke bail on December 29, 2014. Defendant contends that, once bail was granted on September 5, 2014, the State could reverse the decision only via two procedural devices: revocation of bail pursuant to 13 V.S.A. § 7575 or appeal of the bail decision to this Court under 13 V.S.A. § 7556(c). Because the State used neither method, defendant concludes the trial court had no authority to reconsider bail. In support, defendant cites this Court's decision in *State v. Synnott*, No. 2012-302, 2012 WL 5975002 (Vt. Sept. 11, 2012) (unpub. mem.). Additionally, defendant asserts that the trial court abused its discretion in several ways when it denied defendant's application for home detention.

¶ 9. By contrast, the State argues that defendant's bail was not revoked; therefore, the trial court did not need to make findings under § 7575. The State contends instead that the trial court properly denied bail pursuant to § 7553 following an evidentiary hearing. Similarly, the State

claims the trial court correctly weighed all three subsections of § 7554b(b) and did not abuse its discretion by denying home detention.

¶ 10. This Court reviews bail appeals of this nature based on the record below. *State v. Avgoustov*, 2006 VT 90, ¶ 4, 180 Vt. 595, 907 A.2d 1185 (mem.). Our review under § 7553 and § 7554b is strictly limited to whether the trial court abused its discretion. *State v. Pellerin*, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204; *State v. Barrows*, 172 Vt. 596, 596, 776 A.2d 431, 432 (2001) (mem.).

¶ 11. Section 7553 states: "A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail. If the evidence of guilt is not great, the person shall be bailable in accordance with section 7554 of this title." The section removes the constitutional right to bail. See Vt. Const. ch. II, § 40; *State v. Duff*, 151 Vt. 433, 436, 563 A.2d 258, 261 (1989). Because the constitutional right to bail does not apply, the norm is incarceration, not release, and the trial court's discretion is extremely broad. *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993).

¶ 12. On appeal, defendant does not challenge the sufficiency or admissibility of the evidence under § 7553.[1] Rather, defendant argues the trial court did not

possess the authority to hold defendant without bail after having released him on bail. Under § 7553, a trial court has great discretion to deny or grant bail as long as defendant had an opportunity to be heard. *Duff*, 151 Vt. at 436, 458 A.2d at 261. In exercising its discretion to release a defendant, the trial court may look to the factors listed in § 7554, including the weight of evidence against the accused, the seriousness of the charge, the defendant's family ties, his record of convictions, and the defendant's recent history of violent threats. 13 V.S.A. § 7554(b); *Avgoustov*, 2006 VT 90, ¶ 7. The court afforded defendant ample opportunity to be heard at the October hearings and the December 29 hearing. Further, the trial court specifically noted the § 7554 factors that did not favor bail. Compare *State v. Whittemore*, 2015 VT 16, ¶ 7, 196 Vt. 608 (mem.) (decided in 2005, pub. 2015) (remanding for the trial court to indicate reason for denying bail). This was all that was required of the trial court. *Blackmer*, 160 Vt. at 458, 631 A.2d at 1139.

¶ 13. Moreover, as the shifting procedural history demonstrates, the trial court engaged in the exact examination of the evidence required by § 7553. The court originally denied bail at defendant's arraignment pursuant to § 7553, pending a probable cause hearing. At a later hearing, the court found the evidence "paper thin" and released defendant as required by the second sentence in § 7553 ("If the evidence of guilt is not great, the person shall be bailable in accordance with section 7554 of this title."). Finally, with additional testimony and evidence the court now found the evidence of guilt was great. *Whittemore*, 2015 VT 16, ¶ 7. Nothing in the plain language of § 7553 prevents a trial court from engaging in this type of evidentiary analysis as the weight

---

[1] To establish the evidence of guilt is great pursuant to § 7553, the State must present "substantial, admissible" evidence which, taken in the light most favorable to the State, "fairly and reasonably show[s] defendant guilty beyond a reasonable doubt." *Duff*, 151 Vt. at 439, 563 A.2d at 263. This standard cannot be met by inadmissible evidence. See *State v. Passino*, 154 Vt. 377, 381, 577 A.2d 281, 284 (1990). Once the State provides a factual basis demonstrating that evidence of the defendant's guilt is great, a presumption arises in favor of incarceration under § 7553. *State v. Blackmer*, 160 Vt.

at 458, 631 A.2d at 1139. This presumption shifts the burden to the defendant to show that he is bailable. *Id.*

of evidence changes. As a result, we find that the trial court did not impermissibly revoke defendant's bail pursuant to § 7575[2]; instead, the court properly considered the added weight of evidence under § 7553 and denied bail. We find no abuse of discretion here.

¶ 14. Similarly, the trial court did not abuse its discretion when it denied defendant's application for home detention. A trial court's discretion is more limited under § 7554b. *Whiteway I*, 2014 VT 34, ¶ 18. The trial court still retains discretion under § 7554b, *id.*, but unlike § 7553, the trial court must review three factors when considering whether home detention is appropriate:

> (1) the nature of the offense with which the defendant is charged;
>
> (2) the defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight; and
>
> (3) any risk or undue burden to other persons who reside at the proposed residence or risk to third parties or to public safety that may result from such placement.

§ 7554b(b). Although the trial court must consider these required factors when exercising discretion, the presumption for incarceration under § 7553 still applies.

---

[2] Despite defendant's arguments, *Synnott*, No. 2012-302, 2012 WL 5975002, is not controlling here. First, *Synnott* involved the intersection of different statutes: 13 V.S.A. § 7554 and 28 V.S.A. § 301(4) (allowing detention pending a probation hearing). *Id.* at *1. Second, *Synnott* was an unpublished entry order issued by a single justice and is not precedential.

*Whiteway I*, 2014 VT 34, ¶ 18. So the defendant has the burden to show that home detention should be ordered. *Id.*

¶ 15. The trial court's decision was not an abuse of discretion. The court properly considered all three factors in § 7554b(b). The trial court found the nature of the offense to be extremely serious, which weighed against home detention under § 7554b(b)(1). Similarly, § 7554b(b)(2) did not favor home detention because of defendant's prior convictions, risk of flight, and history of supervision while being held without bail. Finally, the court recognized that the factors listed in § 7554b(b)(3) supported home detention, but measured against the unsupportive factors, the court determined home detention could not adequately protect the public.

¶ 16. Defendant argues that, under *Whiteway I*, the trial court improperly considered the nature of the offense twice, did not articulate factors specific to defendant, and incorrectly commented on the effectiveness of the home detention program. 2014 VT 34, ¶ 21. Although this is a correct summation of our concerns in *Whiteway I*, the trial court's analysis here distinguishes the decision from that in *Whiteway I*. In *Whiteway I*, the court's denial of the home detention program rested entirely on the nature of the offense and the presumed limits to the effectiveness of the home detention program. *Id.* ¶¶ 6-9. Here, by contrast, the court specifically considered defendant's risk of flight, history of supervision, and prior convictions, as well as the nature of the offense. Further, the court explicitly indicated that it was not considering the effectiveness of the home detention program. The trial court appropriately weighed the factors and determined defendant did not meet his burden to show home detention would provide public security.

*Affirmed.*