ENTRY ORDER

2017 VT 85

SUPREME COURT DOCKET NO. 2017-289

SEPTEMBER TERM, 2017

| State of Vermont | } | APPEALED FROM: |
|---|---|---|
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| | } | |
| Travis C. Collins, Sr. | } | DOCKET NO. 796-6-17 Frcr |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

¶ 1. Defendant Travis C. Collins, Sr. appeals a trial court determination holding him without bail. He raises two arguments on appeal. First, that the court erred when it permitted the State, in the absence of any change in the evidence, to file a motion to hold without bail after a prior determination that he was bailable. Second, that the court erred when it did not consider the factors listed in 13 V.S.A. § 7554 before holding him without bail. We agree with defendant's second argument and thus, reverse and remand.

¶ 2. The State has charged defendant with two offenses. First, defendant is charged with kidnapping in violation of 13 V.S.A. § 2405(a)(1)(C), which provides that "[a] person commits the crime of kidnapping if the person . . . knowingly restrains another person with the intent to . . . place the restrained person . . . in fear that any person will be subjected to bodily injury." This crime is punishable by a fine of up to $50,000 or a maximum sentence of life imprisonment, or both. Id. § 2405(b). Second, defendant is charged with interference with access to emergency services in violation of 13 V.S.A. § 1031, which prohibits "willfully prevent[ing] or attempt[ing] to prevent a person from seeking or receiving emergency medical assistance, emergency assistance from a third party, or emergency assistance from law enforcement," an offense punishable by imprisonment for one year or a $5000 fine, or both.

¶ 3. At defendant's arraignment on the charges the State initially asked the trial court to continue the $25,000 cash bail that had been set after-hours prior to the arraignment and to set conditions of release. The State argued that this was appropriate based on the severity of the allegations, as well as defendant's three prior Vermont misdemeanor convictions, a federal firearms conviction, and a New York assault or drug offense. The State also noted that defendant had a single prior failure to appear in his record. Defense counsel clarified that defendant had only

a single prior conviction and that the other charges referred to by the State had been dismissed. Defense counsel also argued that defendant had strong connections within Vermont and that defendant's brother was willing to provide supervision for defendant on release. Neither the State nor defendant presented evidence or called witnesses at this initial hearing. The trial court set bail at $100,000; basing its decision on the severity of the allegations, as well as defendant's past failure to appear and past probation revocation.

¶ 4. Defendant was unable to post bail and remained in pretrial custody. Through counsel, defendant subsequently filed a motion to review bail. Defendant argued at the review hearing that his strong ties to the community lessened his risk of flight. One of defendant's family members testified that she and her husband would supervise defendant if he was released on bail. The trial court declined to reduce bail to the amount defendant requested, but did lower the previous $100,000 bail to $25,000, with ten percent of that amount necessary to secure release. The court found that, "due to the nature of the charges, the seriousness of them, there's a heightened risk of failure to appear," but also noted that this Court's prior decisions have made clear that trial courts should be "circumspect" in using discretion to set bail at an amount that a defendant cannot pay. See State v. Pratt, 2017 VT 9, ¶¶ 17-18, __ Vt. __, __ A.3d __. Defendant posted bail within a few days and was released with conditions.

¶ 5. During the bail review hearing, the State asked the court to hear an oral motion to hold defendant without bail pursuant to 13 V.S.A. § 7553. The court declined, stating that any motion to hold without bail should have been filed previously and that, if the State wished to proceed on such a motion, it should be filed in writing. The State filed a written motion to hold defendant without bail the same day.

¶ 6. The trial court held a hearing on the State's motion on August 7, 2017. At this hearing, the State called the victim of defendant's alleged kidnapping offense, the victim's husband, and the police officer who responded to the initial call related to defendant's alleged offenses. Defendant did not present any evidence or call any witnesses, though defense counsel reiterated previous arguments emphasizing defendant's strong community ties and low risk of flight. The court found the State's evidence on the kidnapping charge "compelling," and thus concluded that the State had met its burden to show that there was great evidence of defendant's culpability.* The court then ordered defendant held without bail. The trial court did not state on the record the reasons for holding defendant without bail, aside from its finding that the evidence of guilt was great. This appeal followed.

¶ 7. Defendant raises two arguments on appeal. First, he argues that the State is without a statutory mechanism to ask a trial court to hold a defendant without bail following an earlier

---

* In finding that the evidence of guilt was great, the trial court applied a clear and convincing evidence standard. This standard was more protective of defendant than the correct standard for a weight of the evidence determination which is whether the State established through admissible evidence, that it had substantial, admissible evidence as to the elements of the offense sufficient to prevent the grant of a motion for judgment of acquittal at trial. See State v. Blackmer, 160 Vt. 451, 454, 631 A.2d 1134, 1136 (1993).

2

determination imposing cash bail on that same defendant where no change of circumstances exists. Essentially, defendant argues that the court cannot revisit an earlier bail determination to consider a hold-without-bail motion unless the State has new evidence to present. Defendant also argues that even if the court's August 7 determination that there was sufficient evidence of defendant's guilt to merit a hold without bail order under 13 V.S.A. § 7553 was permissible, the court nonetheless erred by not subsequently applying the § 7554 factors to ultimately determine whether defendant was bailable.

¶ 8. We review a trial court's decision regarding bail for abuse of discretion. State v. Hardy, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.). We review questions of law, such as the question presented in defendant's first argument, de novo. State v. Hance, 2006 VT 97, ¶ 6, 180 Vt. 357, 910 A.2d 874.

¶ 9. We first consider defendant's argument that the State is not empowered to seek a hold without bail order after an initial determination setting bail. In considering this question, we emphasize the importance of the procedural history outlined above—namely, the State asked the court to entertain an oral motion to hold without bail during defendant's bail review hearing, a hearing which was initiated by defendant filing a motion seeking review. The court declined to entertain the State's motion and instructed the State to file a written motion for consideration at a later hearing.

¶ 10. Defendant conceded in oral argument before this Court that the State could have argued in favor of holding defendant without bail at the bail review hearing initiated by defendant. Since defendant agrees that this argument could have been made at the review hearing, when the court was reconsidering the initial bail determination, it was not an abuse of discretion for the trial court to postpone hearing that permissible argument to a later hearing. Thus, because of the procedural history of this case and defendant's concession in oral argument, we need not consider the merits of defendant's first argument.

¶ 11. That said, we do find it important to acknowledge that the argument defendant raises has not yet been squarely addressed by this Court, though similar arguments have been presented at least once before. In State v. Blow, the trial court initially held the defendant without bail on the State's motion, and then, upon a motion by the State requesting review of that first bail determination, instead found the defendant bailable, and then, almost four months later, following a new motion by the State to hold without bail and the presentation of new evidence, the trial court issued an order holding the defendant without bail. 2015 VT 143, 201 Vt. 633, 135 A.3d 672 (mem.). Each new motion by the State was accompanied by a shift in the weight of the evidence, a shift that dictated the trial court's changing position on whether the defendant was bailable.

¶ 12. On appeal to this Court, the defendant argued that the State had only two mechanisms by which to reverse a decision finding a defendant bailable: the State could either file a motion pursuant to 13 V.S.A. § 7575, which permits revocation of the right to bail under certain enumerated circumstances, or the State could appeal a trial court's bail decision to this Court pursuant to 13 V.S.A. § 7556(c). Id. ¶ 8. We affirmed the trial court's final decision holding the

defendant without bail, stating that "[n]othing in the plain language of § 7553 prevents a trial court from engaging in [a new] evidentiary analysis as the weight of evidence changes." Id. ¶ 13.

¶ 13. As noted, with each new motion from the State, there was an accompanying shift in the weight of the evidence. This distinguishes Blow from this case, though the two do share procedural similarities. But here—as defendant's argument highlights—the State filed a motion to hold without bail in the absence of any new evidence.

¶ 14. Thus, this case presents an issue distinct from that in Blow: Can the State open a hold without bail proceeding after the court has set conditions of release following a bail review proceeding in the absence of changed circumstances? Defendant raises essentially the same arguments in this case as the defendant in Blow. The State essentially argues that a hearing on a hold-without-bail motion and a hearing on conditions of release are two different and unrelated proceedings, and that a court's determination relative to one of these proceedings does not foreclose or preclude a later determination relative to the other proceeding. Accordingly, even without any shift in the weight of the evidence, the State could file a motion to hold without bail after a trial court has already set conditions of release. Because in this case the State sought a hold-without-bail order at the bail review hearing, and defendant concedes the court could have addressed the motion at that time, we need not answer these questions here.

¶ 15. We turn now to defendant's argument that the trial court should have considered the factors listed in 13 V.S.A. § 7554 before holding defendant without bail. We agree with defendant.

¶ 16. The first charge against defendant, kidnapping in violation of 13 V.S.A. § 2405(a)(1)(C), carries a maximum penalty of life imprisonment. As such, defendant may be held without bail if the State presents sufficient evidence of defendant's guilt. 13 V.S.A. § 7553 ("A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail."). In a § 7553 case, the "trial judge has the discretion to allow bail even where, pursuant to 13 V.S.A. § 7553, a defendant is not entitled to it." State v. Falzo, 2009 VT 22, ¶ 6, 185 Vt. 616, 969 A.2d 694 (mem.). And though the court's discretion in reaching this determination is broad, the court's decision may not be arbitrary. State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.).

¶ 17. A trial court's analysis of whether a defendant should be held without bail under § 7553 does not end with the court's determination that the evidence of guilt is great. "In exercising its discretion to release a defendant, the trial court may look to the factors listed in § 7554, including the weight of evidence against the accused, the seriousness of the charge, the defendant's family ties, his record of convictions, and the defendant's recent history of violent threats." State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.). In considering these factors, and determining whether a defendant is bailable, the defendant is entitled to a hearing. State v. Duff, 151 Vt. 433, 441, 563 A.2d 258, 264 (1989). And, ultimately, the court "must articulate some legitimate government interest in detaining defendant so that this Court can be assured that defendant is not being arbitrarily detained." State v. Whittemore. No. 05-075, 2005 WL 7872881, at *2 (Vt. Mar. 4, 2005) (unpub. mem.),

4

https://www.vermontjudiciary.org/sites/default/files/documents/eo05-075.pdf [https://perma.cc/6Y2Z-BZNM]. But see Blow, 2015 VT 143, ¶ 12 (affirming decision where trial court gave defendant "ample opportunity to be heard" and court "noted the § 7554 factors that did not favor bail").

¶ 18. In this case, the trial court failed to consider the § 7554 factors. The court correctly held a hearing to determine whether the State had sufficient evidence to meet the § 7553 requirements, but did not consider whether any of the § 7554 factors weighed in favor of defendant's pretrial release. A failure to engage in the analysis required to reach an informed decision is an abuse of discretion. At oral argument, the State conceded this error.

Reversed and remanded for a hearing to consider the factors listed in 13 V.S.A. § 7554 based upon the evidence already presented, unless the trial court determines that further presentation of evidence is required in light of this order.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
Beth Robinson, Associate Justice

☐ Do Not Publish

_____
Karen R. Carroll, Associate Justice