**ENTRY ORDER**

2018 VT 22

SUPREME COURT DOCKET NO. 2018-044

FEBRUARY TERM, 2018

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Washington Unit, |
| | } | Criminal Division |
| | } | |
| Tyreke Morton | } | DOCKET NO. 1195-11-17 Wncr |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant Tyreke Morton appeals from the trial court's decision to hold him without bail pending a weight-of-the-evidence hearing. 13 V.S.A. § 7553. Defendant argues that because the court initially set after-hours conditions of release, which included bail, the only basis on which he could subsequently be held without bail was through bail revocation pursuant to 13 V.S.A. § 7575. We disagree and affirm.

¶ 2.    On the evening of November 5, 2017, defendant was arrested for two counts of attempted murder. In an after-hours order issued in the early morning hours, Judge VanBenthuysen imposed a surety bond or cash in the amount of $150,000, as well as other conditions of release. Defendant's initial appearance on these charges occurred later that day in the Superior Court, Washington Criminal Division. During this initial appearance, Judge Fenster granted the State's request to hold defendant without bail pending a weight-of-the-evidence hearing, as defendant was charged with an offense that carries a penalty of life imprisonment. 13 V.S.A. § 7553. In addition, the court transferred defendant to the custody of the Commissioner of the Department of Mental Health for a competency and sanity evaluation. 13 V.S.A. § 4814. Defendant did not object to the temporary hold-without-bail order, but he was concerned that the competency and sanity evaluation occur in a timely manner. Defendant subsequently moved to stay the sanity portion of the evaluation, which the court granted.

¶ 3.    After the Department of Mental Health found defendant competent to stand trial, he filed a motion to review bail. The court held a hearing on January 17, 2018, during which defendant argued that the court's decision at his initial appearance to hold him without bail was illegal. That is, defendant contended that because the court had set after-hours bail when he was arrested, any subsequent decision at his initial appearance to hold him without bail must be based on findings sufficient to support bail revocation pursuant to 13 V.S.A. § 7575, which lists bases on which bail may be revoked once court has set conditions of release. The court ruled orally that an after-hours bail order is "often based on incomplete and usually one-sided information," and it should have the discretion at an initial appearance to change an after-hours bail order to a hold-

without-bail order.[1]  In addition, the court explained that since it was ready to proceed with a weight-of-the-evidence hearing under § 7553, any illegality in its decision at the initial appearance to hold without bail was moot.  The court then stated that it was ready to proceed with a weight-of-the-evidence hearing.  Defendant explained that he needed to review new pieces of the State's evidence and moved to withdraw his motion to review bail, which the court granted without prejudice.  Defendant then appealed, reiterating his argument that bail revocation pursuant to § 7575 is the only basis upon which a court may impose a hold-without-bail order after bail has been set in the context of an after-hours determination.

¶ 4.      We typically review a trial court's bail determination for abuse of discretion.  State v. Pratt, 2017 VT 9, ¶ 20, __ Vt. __, 166 A.3d 600.  In this case, however, defendant raises a question of law that we review without deference.  State v. Collins, 2017 VT 85, ¶ 8, __ Vt. __, __ A.3d __ (mem.).

¶ 5.      We hold that the trial court was not required to revoke defendant's bail pursuant to § 7575 in order to impose a hold-without-bail order at his initial appearance.  We recognize that defendant frames the issue in this case broadly as whether, in the absence of any new evidence affecting the weight-of-the-evidence determination, a court may issue a hold-without-bail order other than pursuant to § 7575 bail revocation after a court has set bail, without regard to whether the initial bail order occurred after-hours, at the initial appearance, or thereafter.[2]  But we decide this case on the narrower basis that a court can hold a defendant without bail following an initial appearance even though the prior after-hours order set conditions of release, including bail.  We ground our holding on the Vermont Rules of Criminal Procedure's explicit characterization of after-hours bail orders as temporary.  The temporary nature of after-hours determinations makes sense given that an initial after-hours determination is often based on an incomplete, ex parte recitation of the relevant facts, for which no record exists.

---

[1]  The court reiterated this holding in a written entry order issued the same day.  The court explained that it had the power during defendant's initial appearance to hold him without bail pending a § 7553 weight-of-the-evidence hearing, see State v. Bickel, 166 Vt. 633, 634, 698 A.2d 243, 243-44 (1997) (mem.), a conclusion defendant does not challenge on appeal.  The court noted that at the initial appearance it was not required to proceed through § 7575 because "[t]hat section is clearly intended to provide a mechanism post-arraignment and after conditions of release have been set for the court to revoke the right to bail."  (Emphasis in original.)  And, "[w]ere it read the way defendant suggests, section 7575 would operate to prohibit the arraigning judge from ever changing an after-hours cash bail requirement to a hold-without-bail order," which would be "illogical when one considers that the judge setting after hours bail often has to do so based on incomplete information."  Accordingly, the court determined, § 7575 "does not prevent a second judge who conducts the [initial appearance] from altering the release of a defendant from that ordered after hours by the first judge."

[2]  In State v. Blow, we ruled that if the weight of the evidence shifts after the court issues a bail order following a weight-of-the-evidence hearing, the court can hold a defendant without bail pursuant to § 7553 and is not required to find the bases for bail revocation pursuant to § 7575.  2015 VT 143, ¶ 13, 201 Vt. 633, 135 A.3d 672 (mem.).  In Collins, we declined to decide whether the court can hold a defendant without bail after issuing conditions, including bail, relying instead on procedural factors unique to that case.  2017 VT 85, ¶¶ 11-14.  We recognized in Collins that this Court has not yet resolved the question defendant raises here.  Id.

¶ 6.     Pursuant to the Vermont Rules of Criminal Procedure, an after-hours bail order is a temporary order. When a person is arrested without a warrant—such as defendant—Vermont Rule of Criminal Procedure 3(k) explicitly describes the temporary status of after-hours bail:

> A law enforcement officer after arresting a person shall contact a judicial officer for determination of <u>temporary</u> release pursuant to Rule 5(b) of these rules without unnecessary delay.

(Emphasis added.)   Vermont Rule of Criminal Procedure 5(b) allows individual courts to "establish procedures and standards by which persons arrested with or without a warrant other than during normal business hours" may be released <u>temporarily</u> pending an initial appearance. Rule 5(b) further provides that the initial appearance before a judge "shall be held as soon as possible after release." V.R.Cr.P. 5(b). This plain language demonstrates that an after-hours bail order is temporary and functions as a stop-gap before the court can make a more informed bail decision at the initial appearance. See <u>State v. Villar</u>, 2017 VT 109, ¶ 7, __Vt.__, __ A.3d __ ("In construing a procedural rule, we look first to the rule's plain language, just as with statutory construction."). The temporary quality of the after-hours order, and the swiftness with which the Rules mandate an initial appearance, indicates that whatever bail determination the court makes at the initial appearance replaces the after-hours order, rather than revokes it.

¶ 7.     The structure of these Rules makes sense. The initial after-hours bail assessment is often based on an incomplete, ex parte recitation of limited facts to a judicial officer without the participation of the State's Attorney, defense counsel, or defendant. The Rules recognize the limitations of the after-hours order by treating it as temporary, pending a more thorough assessment with more comprehensive information at the initial appearance.[3]

¶ 8.     For these reasons, we affirm the trial court's decision to hold defendant without bail pending further review in a weight-of-the-evidence hearing, if defendant requests review.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
Beth Robinson, Associate Justice

☐ Do Not Publish

_____
Harold E. Eaton, Jr., Associate Justice

---

[3]  Because we rest our decision on the specific limitations of after-hours orders under our Rules, we need not consider the impact on the broader issue raised by defendant of this Court's one-justice entry order in <u>State v. Synnott</u>, No. 2012-302, 2012 WL 5975002 (Vt. Sept. 11, 2012) (unpub. mem.).