**ENTRY ORDER**

2022 VT 1

SUPREME COURT DOCKET NO. 21-AP-282

JANUARY TERM, 2022

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orleans Unit, |
| | } | Criminal Division |
| | } | |
| Joshua Waterman | } | Case Nos. 544-8-19 / 765-12-18 Oscr |
| | } | |
| | | Trial Judge:  Lisa A. Warren |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals the trial court's November 28, 2021, order holding him without bail pending trial pursuant to 13 V.S.A. § 7553 on charges of lewd and lascivious conduct with a child in two dockets.  On appeal defendant raises two arguments: (1) that the State lacked authority to request to hold defendant without bail given that the court had previously imposed conditions of release, including monetary bail, and defendant had been incarcerated for several years due to his failure to make bail; and (2) if the State's request under § 7553 was proper, the trial court abused its discretion when it determined that defendant met the requirements of § 7553 but failed to consider whether to nonetheless release defendant on conditions.  We conclude the State had authority to request to hold defendant without bail under § 7553.  However, we agree with defendant's second argument, and thus remand for findings on whether to impose conditions of release.

¶ 2.     In December 2018, defendant was charged with lewd and lascivious conduct with a child, second offense, in violation of 13 V.S.A. § 2602(b)(2), which carries a maximum punishment of life imprisonment, in Docket No. 765-12-18 Oscr (2018 charge).[1]  At defendant's arraignment, the court imposed conditions of release.  However, defendant was incarcerated for failure to post bail in an unrelated case at the time and was never in fact released on those conditions.  In August 2019, defendant was charged with a new count of lewd and lascivious conduct with a child, second offense, and was arraigned on that charge in Docket No. 544-8-19

---

[1]  The State initially charged defendant with two counts of this offense in the 2018 charge. Between defendant's filing this appeal and the bail review hearing, the trial court granted defendant's motion to dismiss one of the counts.  We accordingly do not address the dismissed count.

Oscr (2019 charge).[2] Defendant was still being held for failure to post bail in the case predating the 2018 charge, as well as an additional unrelated case. The court set conditions of release and bail of $10,000, concurrent with the two unrelated charges for which he was already being held. Defendant remained incarcerated due to his inability to post bail.

¶ 3. In March 2021, defendant joined several other pre-trial detainees in filing an omnibus motion to review bail in light of prison conditions related to the ongoing COVID-19 pandemic. The State objected to defendant's motion and requested a weight-of-the-evidence hearing to hold defendant without bail under 13 V.S.A. § 7553, which authorizes a person to be held without bail for an offense punishable by life imprisonment "when the evidence of guilt is great." The court denied defendant's motion to review bail but for unknown reasons did not schedule a weight-of-the-evidence hearing. On July 13, defendant filed a renewed motion for bail review. The court held a hearing on defendant's motion to review bail on September 20 and denied it on the record. At the hearing, the court invited the State to refile its request for a weight-of-the-evidence hearing to hold defendant without bail in writing, and the State did so the same day. Defendant filed an opposition to the State's renewed request, arguing the motion was retaliatory since defendant was already incarcerated due to his inability to make bail.

¶ 4. The trial court held a weight-of-the-evidence hearing on November 18, 2021. At the hearing, the State presented several exhibits, which the court admitted into evidence. To demonstrate defendant's guilt, it provided the transcript of the complainant's deposition in the 2018 charge. In it, the complainant, a minor, stated defendant touched the inside of her thighs over her pants while they were alone in a car that defendant was driving. Next, the State moved on to evidence going to the "second analysis," presumably whether the court should exercise its discretion to release defendant on conditions. This included various affidavits detailing defendant's criminal history, his lack of compliance with sex-offender-registry requirements, and the alleged conduct underlying the 2019 charge.

¶ 5. After admitting the exhibits, the court heard arguments from both sides. The State asserted that the deposition testimony, specifically complainant's description of the events underlying the 2018 charge, sufficed to demonstrate that the evidence of guilt was great. It then argued defendant could not overcome the presumption in favor of detention because of his criminal record, pointing to his prior sex offenses, sex-offender-registry violations, two convictions for escape, and seven failures to appear. At the time the 2018 and 2019 charges were brought, defendant was under the supervision of the Department of Corrections, which the State proposed showed that oversight could not help defendant conform his behavior to the law.

¶ 6. Defendant did not provide argument regarding the weight of the evidence for the two charges at issue in this appeal. Regarding whether conditions of release could ensure public safety, defendant argued that he had been held on a $10,000 bond for years and therefore a hold without bail would be redundant. Defendant proposed the State's request to hold him without bail was retaliatory due to defendant's inability to post bail and asked the court to keep the same conditions and bail already in effect.

---

[2] Defendant was charged with three other offenses at this time, all of which were resolved by plea agreement.

¶ 7.     On November 28, the trial court issued an order holding defendant without bail pursuant to 13 V.S.A. § 7553.  In its written decision, the court explained that complainant's deposition testimony describing the alleged conduct underlying the 2018 charge was sufficient to establish that the evidence of defendant's guilt was great.  The court made no equivalent findings or conclusions regarding the weight of the evidence for the 2019 charge.  The court therefore ordered defendant held without bail pursuant to § 7553.  However, it did not provide any findings or conclusions as to whether it should exercise its discretion to nevertheless impose bail and conditions of release.

¶ 8.     Next, the trial court addressed sua sponte whether the State could, for the first time, request to hold defendant without bail under § 7553 where defendant had been incarcerated for several years due to his failure to post bail.  The court concluded the State could move to hold defendant without bail under § 7553 in these cases, and that it did not need to show a shift in the weight of the evidence to do so.  Finally, the court rejected defendant's argument that the State's motion was unconstitutionally punitive in the context of defendant's inability to make the $10,000 bail.  The court explained that, given the pending charges and defendant's criminal history, the State had reason to argue that defendant was a public safety risk, and that monetary bail and conditions of release did not sufficiently address that risk.

¶ 9.     In granting the State's request to hold defendant without bail, the trial court removed the cash bail and conditions in both the 2018 and 2019 charges.  As of the bail appeal hearing before this Court, defendant was incarcerated solely based on the trial court's hold-without-bail order before us on this appeal.  All other charges for which he was being held during the pendency of proceedings below had been resolved.

¶ 10.     On appeal, defendant asks us to vacate the trial court's order holding him without bail and to reimpose the previous $10,000 bail and conditions of release.  First, defendant argues the State could not move to hold him without bail when it did because there was no change in the evidence and the request was retaliatory since defendant was already incarcerated due to his failure to make bail.  Second, assuming the State could move to hold defendant without bail, defendant concedes that the evidence of guilt is great in both the 2018 and 2019 charges.  However, defendant asserts the trial court abused its discretion by failing to consider whether to release defendant on conditions after finding the evidence of guilt was great.  The State argues it had a right to request to hold defendant without bail for the first time years after conditions were first imposed under § 7553 because there are no time constraints on when the State can request a hearing to hold defendant without bail.  On the court's § 7553 analysis, the State concedes the court abused its discretion when it failed to consider whether to impose conditions of release and requests that this Court remand the case for the trial court to conduct this analysis.

¶ 11.     First, we address whether the State could move to hold defendant without bail under § 7553 under the circumstances of these cases.  Because we conclude the State's request was proper, we then turn to the court's decision to hold defendant without bail under § 7553. Defendant concedes the evidence of his guilt is great on both charges, so our analysis focuses on whether the court abused its discretion in nevertheless deciding to hold him without bail.  We conclude it did because it failed to make findings and explain the basis of its decision.

3

¶ 12. The interpretation of a bail statute is a question of law reviewed without deference. State v. Morton, 2018 VT 22, ¶ 4, 207 Vt. 621, 184 A.3d 249 (mem.).

¶ 13. Section 7553 provides: "A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." When this standard is met, a defendant does not have a constitutional right to bail. Vt. Const. ch. II, § 40; State v. Duff, 151 Vt. 433, 436, 563 A.2d 258, 261 (1989). The State may seek to hold a defendant without bail after the court has issued conditions of release and set bail under certain circumstances.

¶ 14. In State v. Blow, we held the State could seek to hold a defendant without bail where the trial court previously found the defendant bailable under § 7553 when the weight of the evidence had shifted. 2015 VT 143, ¶ 13, 201 Vt. 633, 135 A.3d 672 (mem.). In that case, the State sought to hold the defendant without bail at arraignment and the trial court granted its request. Then, at a later hearing, the court found the evidence of guilt weak and released the defendant on conditions. A few months later, based on evidence unavailable at the initial weight-of-the-evidence hearing, the State again requested to hold the defendant without bail. While the evidence of guilt was not great at the first full hearing, the court found that it was great at the subsequent hearing and exercised its discretion to hold the defendant without bail.

¶ 15. A few years later, in Morton, we held that a defendant could be held without bail under § 7553 following an after-hours order setting conditions of release and bail without showing a shift in the weight of the evidence. 2018 VT 22, ¶ 5. In that case, there was no shift in the weight of the evidence between the after-hours order and the State's request to hold the defendant without bail. We concluded no change in the weight of the evidence was necessary, because an after-hours bail determination is temporary so the subsequent order, based on a weight-of-the-evidence hearing, replaced rather than revoked that initial bail determination. Id. ¶¶ 5-7. In Morton, we noted that this Court has not determined whether, in the absence of new evidence, a court may issue a hold-without-bail order under § 7553 after a court has set bail, regardless of when that initial bail determination occurred.

¶ 16. We conclude the State may request to hold a defendant without bail under § 7553 without showing a change in the weight of the evidence when no weight-of-the-evidence hearing—or hearing by another name in which § 7753 analysis is conducted—has been held. It is undisputed that the November 2021 hearing was the first weight-of-the-evidence hearing in these cases. Therefore, up until that event, the evidence in these cases had never been weighed under § 7553. The evidence having not been weighed, there was no opportunity or need for comparison like there was in Blow. It follows that the State did not need to show a change in the weight of the evidence when it requested to hold defendant without bail for the first time. Furthermore, nothing in the language of § 7553 requires the State to make its initial request to hold a defendant without bail during a certain timeframe.

¶ 17. Defendant argues allowing the State to request to hold defendant without bail when he had been incarcerated for failure to make bail for several years pending trial is retaliatory. The State counters that the motive was not improper in these cases because the hold-without-bail order would serve a purpose to protect public safety in case defendant's cash bail was removed. We decline to find the State's request retaliatory solely because defendant was already being held for failure to post bond. As explained above, the State can request a hearing to determine whether

4

defendant may be held without bail pursuant to § 7553 and there is no statutory requirement it initiate its request for a weight-of-the-evidence hearing during a specific timeframe. Although defendant proposes the $10,000 bond is essentially the equivalent of holding defendant without bail and he has not obtained new criminal charges since being held, this does not bear on whether the State can make a request to hold defendant under § 7553. It is within the sound discretion of the trial court to weigh these facts when it determines whether to release defendant on conditions or hold him without bail pursuant to § 7553.

¶ 18.    We now turn to the trial court's bail determination, which we review for abuse of discretion. State v. Boyer, 2021 VT 19, ¶ 12, __ Vt. __, 252 A.3d 804 (mem.).

¶ 19.    Under 13 V.S.A. § 7553, a person may be held without bail when they are "charged with an offense punishable by life imprisonment" and "the evidence of guilt is great." The State meets its burden to show the evidence of guilt is great when "substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). If the State meets this requirement, a presumption against release is created. State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.).

¶ 20.    "Nevertheless, a trial judge has the discretion to allow bail even where, pursuant to 13 V.S.A. § 7553, a defendant is not entitled to it." State v. Labrecque, 2021 VT 58, ¶ 14, __ Vt. __, 261 A.3d 632 (mem.) (quotation omitted). A trial court's discretion is "extremely broad" when determining whether to hold defendant without bail and our review of its decision "is strictly limited." State v. Baker, 2015 VT 62, ¶ 2, 199 Vt. 639, 116 A.3d 1192 (mem.) (quotation omitted). However, a trial court "must exercise its discretion in determining whether or not to impose bail and conditions of release" and "its decision cannot be arbitrary." Avgoustov, 2006 VT 90, ¶ 2. In doing so, the court may look to the factors in 13 V.S.A. § 7554(b) to assess whether conditions of release can be imposed that mitigate the risk of flight and ensure the safety of the public; however, the court is not required to explicitly consider each factor. State v. Auclair, 2020 VT 26, ¶¶ 3, 21, 211 Vt. 651, 229 A.3d 1019 (mem.). The court "must make findings to indicate how its discretion was exercised." State v. Morris, 2008 VT 126, ¶ 2, 185 Vt. 573, 967 A.2d 1139 (mem.). "[U]ltimately, the court must articulate some legitimate government interest in detaining defendant so that this Court can be assured that defendant is not being arbitrarily detained." State v. Collins, 2017 VT 85, ¶ 17, 205 Vt. 632, 177 A.3d 528 (mem.) (quotation omitted).

¶ 21.    Because defendant concedes the evidence of his guilt is great on both charges, the only question is whether the trial court abused its discretion in denying bail. The State concedes, and we agree, that it did. Although the trial court properly articulated the standard for exercising its discretion after concluding that a defendant is not entitled to bail, it did not make any findings or draw any conclusions to apply this standard. See Morris, 2008 VT 126, ¶ 2 (stating court "must make findings to indicate how its discretion was exercised").[3] The trial court was also correct that

---

[3]    Later in the trial court's opinion, it states: "From the State's perspective, based on the pending charges which carry a possible life sentence, as well as the [d]efendant's criminal history, he is a public safety risk and monetary bail and conditions do not sufficiently address that risk." Because the court prefaces this statement with "[f]rom the State's perspective" and it arises in the

defendant had the burden of overcoming the presumption against release, see <u>Auclair</u>, 2020 VT 26, ¶ 2, but its statement that "[d]efendant has not submitted any evidence that overcomes the presumption that he be held" is insufficient to demonstrate how it exercised its discretion under § 7553 to hold defendant without bail. See <u>State v. Passino</u>, 154 Vt. 377, 379, 577 A.2d 281, 283 (1990) (concluding court abused its discretion where order had "no indication" of how court exercised discretion). Defendant opposed the State's request to hold him without bail. The court was therefore required to make findings and articulate a legitimate government interest in holding defendant without bail to assure his detention is not arbitrary. See <u>Collins</u>, 2017 VT 85, ¶ 17; <u>Blow</u>, 2015 VT 143, ¶ 12 (explaining that court has "great discretion to deny or grant bail as long as defendant has an opportunity to be heard"). We accordingly remand for the trial court to make findings and exercise its sound discretion.

<u>Reversed and remanded for further proceedings consistent with this opinion</u>.

BY THE COURT:

 

Paul L. Reiber, Chief Justice

 

Harold E. Eaton, Jr., Associate Justice

 

William D. Cohen, Associate Justice

---

context of the court analyzing whether the State's request is retaliatory, we do not consider it to be a finding or conclusion for purposes of the court's § 7553 analysis.