NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2025 VT 13

SUPREME COURT CASE NO. 25-AP-059

MARCH TERM, 2025

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Criminal Division |
| | } | |
| Ryan Sartwell | } | CASE NO. 23-CR-06517 |
| | } | |
| | | Trial Judge: Heather J. Gray |

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant Ryan Sartwell appeals the trial court's decision to hold him without bail. We affirm.[*]

¶ 2.    Defendant was charged with three felonies and five misdemeanors arising out of his actions on July 7, 2023.  The felony charges were (1) grossly negligent operation—subsequent offense, 23 V.S.A. § 1091(b); (2) aggravated operating without owner's consent, 23 V.S.A. § 1094(b); and (3) impeding a public officer, 13 V.S.A. § 3001.  The State notified defendant that it intended to enhance the felony charges under the habitual offender statute.  See 13 V.S.A. § 11. Because defendant had previously been convicted of three felonies, each new felony charge is potentially punishable with life imprisonment.  Id.

¶ 3.    At arraignment on July 12, 2023, the court granted the State's request to hold defendant without bail pursuant to 13 V.S.A. § 7553.  In October 2023, defendant was accidentally released by law enforcement despite the court order holding him without bail.  Nearly two months later, when this came to the State's attention, the State sought an arrest warrant for defendant.  In October 2024, defendant was arrested on new, unrelated charges in another county.

---

[*]    Chief Justice Reiber was present for the remote oral argument but had intermittent connectivity problems.  After the hearing concluded, he listened to the recording of the entire hearing.

¶ 4. A defendant may be held without bail (1) if the offense charged is punishable by life imprisonment and (2) the evidence of guilt is great. 13 V.S.A. § 7553. "The evidence of guilt is great if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." State v. Blow, 2020 VT 106, ¶ 3, 213 Vt. 651, 251 A.3d 517 (mem.) (quotation omitted). If the State establishes both requirements, "a presumption against release arises." State v. Auclair, 2020 VT 26, ¶ 3, 211 Vt. 651, 229 A.3d 1019 (mem.). Then the defendant bears the burden to convince the trial court to use its discretion to release the defendant or to set bail. Id. In exercising its discretion, the trial court may look to the factors listed in § 7554. Id. ¶ 6. Those factors include, but are not limited to:

> the nature and circumstances of the offense charged; the weight of the evidence against the accused; the accused's family ties, employment, character and mental condition, length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

13 V.S.A. § 7554(b)(2).

¶ 5. The trial court held a weight-of-the-evidence hearing in this matter in January 2025. At the hearing, the parties stipulated to the admission of affidavits of law enforcement officers, certified dispositions of defendant's three prior felony convictions, and a record of defendant's criminal history. After reviewing the evidence in the light most favorable to the State, and excluding modifying evidence, the trial court concluded that the weight of the evidence of defendant's guilt on his pending felony charges was great. See Blow, 2020 VT 106, ¶ 3.

¶ 6. The trial court then looked to the factors listed in 13 V.S.A. § 7554 to decide whether to exercise its discretion to release defendant on conditions, notwithstanding the presumption against his release. See Auclair, 2020 VT 26, ¶¶ 3, 6. The trial court listed the factors and provided some analysis for each one. The court found that the charges were serious, defendant was "aggressive, destructive, and obstructive [in] encumbering law enforcement's efforts" to process him, the weight of the evidence was substantial, he was charged with several other felonies after being inadvertently released from custody, he had a history of failing to appear for court proceedings, and he had "voiced an intent to 'run away' rather than face a potential sentence under Vermont's habitual offender statute." Ultimately, the court chose not to exercise its discretion to release defendant on conditions and ordered him held without bail. Defendant appeals.

¶ 7. Defendant contends the trial court erred by not making findings as to whether any combination of cash bail and conditions of release would be adequate to protect the public and mitigate risk of flight. We review the trial court's denial of bail under § 7553 for an abuse of discretion. State v. Ford, 2015 VT 127, ¶ 8, 200 Vt. 650, 130 A.3d 862 (mem.). "In exercising its discretion to release a defendant, the trial court may look to the factors listed in § 7554." Id. ¶ 10. The trial court must "make findings and articulate a legitimate government interest in holding defendant without bail to assure his detention is not arbitrary." State v. Waterman, 2022 VT 1, ¶ 21, 216 Vt. 584, 273 A.3d 634 (mem.).

2

¶ 8. The trial court's order amply supported its decision to hold defendant without bail. The court recited the correct standard—once the evidence of guilt is great for life imprisonment offenses, "a presumption against release arises and the burden shifts to the defendant to persuade the court to exercise its discretion to set bail or conditions of release"— and considered each factor listed in 13 V.S.A. § 7554. State v. Tarbell, 2021 VT 68, ¶ 3, 215 Vt. 651, 261 A.3d 1123 (mem.) (quotation omitted). The trial court order discussed the § 7554 factors and the evidence presented on each factor. The court made findings and clearly articulated the government's interest in holding defendant without bail. Waterman, 2022 VT 1, ¶ 21.

¶ 9. Defendant argues that the trial court erred in failing to consider whether any combinations of conditions of release would assure defendant's appearance and protect the public, relying on 13 V.S.A. § 7554(a)(1). He misreads the statute. Section 7554(a) provides that a "person charged with an offense, other than a person held without bail under section 7553[,] . . . shall . . . be ordered released pending trial." (Emphasis added.) The trial court was under no obligation here, where defendant was held without bail under § 7553, to release him upon conditions, including the execution of a secured appearance bond. See id. § 7554(a)(1)(D). Similarly, the trial court did not err in declining to release defendant to the person who testified that she and her mother would supervise him pursuant to 13 V.S.A. § 7554(a)(2)(A).

¶ 10. After the trial court concluded that the weight of the evidence against him was great, defendant bore the burden of persuading the trial court that it should release him despite the presumption against his release. Auclair, 2020 VT 26, ¶ 3. The trial court was not persuaded and explained why. We see no abuse of discretion here. Ford, 2015 VT 127, ¶ 8.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

3